JUDGE SAND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
INCHCAPE SHIPPING SERVICES and
HELMGALE SARL,

                       Plaintiffs,                07 CV

-v-

                                            **VERIFIED COMPLAINT**

COMPANIA TRANSATLANTICA
ESPANOLA SA, a/k/a CTE,

                       Defendant.
-------------------------------------------------------------x

07 CIV 8794

Plaintiffs, INCHCAPE SHIPPING SERVICES (hereinafter "INCHCAPE"), and HELMGALE SARL (hereinafter "HELMGALE"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, COMPANIA TRANSATLANTICA ESPANOLA SA, a/k/a CTE, (hereinafter "CTE"), alleges upon information and belief as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action where the matter in controversy exceeds the sum and value of $75,000.00, exclusive of interest and costs, and is between completely diverse parties.

## THE PARTIES

3. At all times material hereto, Plaintiff, INCHCAPE, was and still is a foreign business entity duly organized and existing pursuant to the laws of another State, with an office and principal place of business at 1087 Downtowner Boulevard, Suite 100, Mobile, Alabama 36609.

4. At all times material hereto, Plaintiff, HELMGALE, was and still is a foreign business entity duly organized and existing pursuant to the laws of another State, with an office and principal place of business at 8 Boulevard Victor Hugo, 34000 Montpellier, France.

5. At all times material hereto, Defendant, CTE, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Jose Abascal 583 Planta, Madrid 28003, Spain.

## AS AND FOR THE FIRST CAUSE OF ACTION – BREACH OF CONTRACT

6. Plaintiffs repeat, reiterate and reallege paragraphs 1 through 5 with the same force and effect as if fully set forth herein.

7. Plaintiff, INCHCAPE, acting as a shipping agent, and defendant, CTE, entered into an agency agreement, whereby INCHCAPE agreed to provide certain shipping agency services to CTE for various vessels calling ports in the United States and Canada. This agency agreement is a maritime contract.

8. Pursuant to the terms and conditions of the agency agreement, INCHCAPE was to, *inter alia*, provide services to CTE's vessels, such as pilotage, towage, harbor fees, etc.

9. INCHCAPE provided the agreed upon services to CTE's vessels, including the vessels named M/V ANTALINA and M/V ORIA. Despite CTE's obligation and agreement to pay for these services, defendant, CTE, failed to render the payments to INCHCAPE as agreed. Therefore, defendant is in breach of this maritime contract.

10. Despite INCHCAPE's repeated demands for payment, defendant CTE, has failed, neglected and/or otherwise refused to pay INCHCAPE the sums due and owing INCHAPE.

11. INCHCAPE's claim against CTE for the outstanding payments of the agency services and fees totals US$226,000. Additionally, INCHAPE has incurred not less than US$10,000 in legal fees. Therefore, INCHCAPE's total claim against CTE is US$236,000.

## AS AND FOR THE SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

12. Plaintiffs repeat, reiterate and reallege paragraphs 1 through 11 with the same force and effect as if fully set forth herein.

13. CTE's failure to honor its obligations and pay for the services provided by plaintiff INCHCAPE, has unjustly enriched defendant CTE.

## AS AND FOR THE THIRD CAUSE OF ACTION – QUANTUM MERUIT

14. Plaintiffs repeat, reiterate and reallege paragraphs 1 through 13 with the same force and effect as if fully set forth herein.

15. As INCHCAPE has performed and provided various agencies services for defendant, CTE, plaintiff, INCHCAPE is entitled to compensation from defendant, CTE, under a theory of quantum meruit.

## AS AND FOR THE FOURTH CAUSE OF ACTION – BREACH OF CONTRACT

16. Plaintiffs repeat, reiterate and reallege paragraphs 1 through 15 with the same force and effect as if fully set forth herein.

17. Plaintiff, HELMGALE, assisted in the conclusion of the time-charter party agreed by and between Messrs. Armement Secam and defendant, CTE, for the M/V AFRICAN KINGFISHER.

18. The M/V AFRICAN KINGFISHER was to carry certain cargo during this time-charter trip from Spain to Canada. The time-charter agreement, memorialized on a New York Produce Exchange (NYPE) charter party form, is a maritime contract.

19. Pursuant to the terms of the time-charter party, plaintiff HELMGALE, was to receive monies for assisting in the conclusion of the time-charter party.

20. Despite HELMGALE's repeated demands for payment, Defendant CTE, has failed, neglected and/or otherwise refused to pay HELMGALE the sums due and owing HELMGALE. Therefore, defendant is in breach of this maritime contract.

21. HELMGALE's claim against CTE for the outstanding monies totals US$6,417.50. Additionally, HELMGALE has incurred not less than US$5,000 in legal fees. Therefore, HELMGALE's total claim against CTE is US$11,417.50.

22. Therefore, Plaintiffs, INCHAPE and HELMGALE, collectively have claims against defendant, CTE, in the total amount of US$247,417.50.

### AS AND FOR THE FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT

23. Plaintiffs repeat, reiterate and reallege paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. CTE's failure to honor its obligations and pay HELMGALE the monies due and owing, has unjustly enriched defendant CTE.

### AS AND FOR THE SIXTH CAUSE OF ACTION – QUANTUM MERUIT

25. Plaintiffs repeat, reiterate and reallege paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. As HELMGALE has performed its obligations, plaintiff, HELMGALE is entitled to compensation from defendant CTE, under a theory of quantum meruit.

### BASIS FOR ATTACHMENT

27. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

28. Plaintiffs believe that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendant, CTE, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are

located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $494,835.00 to secure and satisfy the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
      October 12, 2007

                                CHALOS, O'CONNOR & DUFFY, L.L.P.
                                Attorneys for Plaintiffs
                                INCHCAPE SHIPPING SERVICES and
                                HELMGALE SARL

By: _____
                                George M. Chalos (GC-8693)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel: (516) 767-3600
                                Fax: (516) 767-3605
                                Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INCHCAPE SHIPPING SERVICES and
HELMGALE SARL,

                        Plaintiffs,                    07 CV

-v-

                                                  **VERIFICATION OF**
                                                  **COMPLAINT**

COMPANIA TRANSATLANTICA
ESPANOLA SA, a/k/a CTE,

                        Defendant.
----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiffs, INCHCAPE SHIPPING SERVICES and HELMGALE SARL, herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiffs through their agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiffs is because the Plaintiffs are foreign corporations, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
October 12, 2007

                                              CHALOS, O'CONNOR & DUFFY, L.L.P.
                                              Attorneys for Plaintiffs
                                              INCHCAPE SHIPPING SERVICES and
                                              HELMGALE SARL

By: _____
        George M. Chalos (GC-8693)
        366 Main Street
        Port Washington, New York 11050
        Tel: (516) 767-3600
        Fax: (516) 767-3605
        Email: gmc@codus-law.com